IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDALL S. WATERS,**

        **Plaintiff,**

        v.                                     **CASE NO. 24-3012-JWL**

**ROBERT D. NAYLOR,**

        **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 8) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 13).

In the Complaint, Plaintiff brought claims related to his state criminal proceedings. Plaintiff asserted that the defendant, Robert Naylor, and Naylor's 13-year-old daughter set him up because Naylor wanted to take over the estate of Plaintiff's mother. (Doc. 5-1, at 9; Doc. 5-2, at 5.) Plaintiff claimed that he did not rape the alleged victim, but instead she raped him when he was passed out. (Doc. 5, at 5.) He asserted that there are photographs on his phone, which law enforcement has, that support his contention. He also mentioned that he is handicapped and has been detained for 25 months without going to court. (Doc. 5-2, at 5.) Plaintiff named only one defendant, Naylor, and did not state what relief he seeks. (Doc. 5, at 6.)

1

The MOSC found that Plaintiff had not stated an actionable claim.  First, Plaintiff failed to state a cause of action under § 1983 against Defendant Naylor because Naylor is not a state actor.  It is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists.  *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

The MOSC also found that because Plaintiff seemed to be seeking relief related to his state criminal case, the Court is prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  These three conditions appear to be met, meaning that "Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

In response to the MOSC, Plaintiff repeats the allegations he made in the Complaint.  He also provides additional detail about his mother's estate.  He does not address either of the bases for dismissal outlined in the MOSC.  Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 16th day of April, 2024, at Kansas City, Kansas.**

                                      **S/   John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**